Allen Shelton Smith County Attorney 205 S. Main Smith Center, KS 66967
Dear Mr. Shelton:
You request an opinion whether the Smith County Commissioners may vacate one-half mile of a county road despite a non-adjoining landowner's objection and whether that landowner may request damages if the vacation occurs.
K.S.A. 68-102(b) provides:
 The board of county commissioners may vacate any road in the county whenever the board determines such road is not a public utility by reason of neglect, nonuse, or inconvenience or from other cause or causes such road has become practically impassable and the necessity for such road as a public utility does not justify the expenditure of the necessary funds to repair such road or put the same in condition for public travel.
Notably, this provision neither incorporates objecting parties nor gives weight to objections to the vacation. However, K.S.A. 68-102a requires notice to "each owner of property adjoining the road." Similarly, the remedy for objections in this same section is "the award of damages, if any, to the property owners affected by" the vacation.[1] Although K.S.A. 68-102a states, "[a]ny person or persons may make written application to the county commissioners for payment for damage toproperty caused by such action," this language refers back to the statute's reference to "each owner of property adjoining the road." Therefore, K.S.A. 68-102 and 68-102a read together indicate 1) the property must adjoin the road proposed to be vacated, and 2) there must be damage to the property in order to apply for an award of damages.
Given the statutory scheme, the board of county commissioners may vacate the one-half mile road you inquire about, notwithstanding any landowner's objection — while duly noted — assuming the board follows other required procedure and makes the determinations set forth by the legislature.[2] But in this instance, it also appears by the facts set forth in your request that this landowner does not have adjoining land, and therefore, cannot have damage to property caused by the action.
Your specific question asks whether a non-adjoining landowner has "standing" to make an objection; however, "standing" is a term of art in relation to a court proceeding. Therefore, the question is more appropriately couched in terms of whether a non-adjoining landowner can be "damaged" under this statutory framework.
Based on the analysis of K.S.A. 68-102, 68-102a, and 68-107, [3] it is determined that a non-adjoining landowner is not "damaged." Only adjacent landowners may sustain "damages" under this statutory framework. Hence, the board can vacate the road assuming all other provisions are followed.
Sincerely,
Steve Six Attorney General
Teri Canfield-Eye Assistant Attorney General
SS:MF:TC:jm
[1] K.S.A. 68-102a.
[2] See K.S.A. 68-102(b); 68-102(c); 68-102a; 68-104; 68-107.
[3] K.S.A. 68-102a only applies if there is no petition submitted for the vacation; under K.S.A. 68-102, said petition may only be submitted to the board by "adjacent landowner[s]." In this case, the adjacent landowners consented but did not initiate the vacation, hence, K.S.A.68-102a applies. K.S.A. 68-107 requires a claimant to submit a separate certificate in writing of "the amount of damage," which should also be understood as the damage to real property.